(C. D. 1691)

JOHN V. CARR & SONS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 6, 1955)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.

*Warren E. Burger,* Assistant Attorney General (*Arthur R. Martoccia* and *Richard M. Kozinn,* trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: In this proceeding, plaintiff challenges the decision of the collector of customs in classifying an importation of saw blades or saws, 30 inches in diameter, as "circular saws, * * * finished or further advanced than tempered and polished," pursuant to the provisions of paragraph 340 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 340) and imposing duty thereon at the rate of 20 per centum ad valorem.

Plaintiff claims that the merchandise should be classified in said paragraph 340, as modified by the Swedish Trade Agreement (68 Treas. Dec. 19, T. D. 47785), as "Mill saws, * * * finished or further advanced than tempered and polished," and dutiable at the rate of 12 per centum ad valorem.

The pertinent text of the statutes involved is here set forth:

Paragraph 340 of the Tariff Act of 1930:

PAR. 340. Crosscut saws, mill saws, pit and drag saws, circular saws, steel band saws, finished or further advanced than tempered and polished, hand, back, and all other saws, not specially provided for, 20 per centum ad valorem; jewelers' or piercing saws, 40 cents per gross.

Paragraph 340 of said act, as modified, *supra*:

Mill saws, pit and drag saws, and steel band saws, finished or further    12% ad val.
advanced than tempered and polished.

At the trial, plaintiff called as a witness Harry A. Lowther of the Harry A. Lowther Co., the ultimate consignee of the importation, who testified that he had been engaged for 10 years in the manufacture of forestry equipment, including the manufacture of the machines in which the imported saws are used; that the saws in controversy are circular in type "With a hole in the center of them and teeth around the circumference"; that while saws of this type range from 30 to 40 inches in diameter "These particular blades are thirty inches in diameter" adding "We put them into our equipment, made them a part of our small mill equipment." The equipment, which consists of a power unit,—"the driving mechanism in conjunction with the saw blades"—is used for processing trees in the forest, cutting them down, and then cutting them up. As stated by the witness, "* * * the blade is put in a position to cut the tree down and when the tree is on the ground the blade is readjusted and cuts it up, processes the tree." In so doing, the saw, of course, first cuts crosswise and then lengthwise. The witness testified that the term "mill saw" in his

industry "means the saw that is used in the mill" and, for that reason, he considered his saws to be mill saws, explaining that some sawmills are stationary whereas "* * * there are today many so-called portable sawmills that are mounted on trucks or trailers and trailed around to the farmers' yard * * * ."

Through this witness, it appears that pages 18 and 19 of a catalog were received in evidence as illustrative exhibit A, and references in the testimony of Lowther were made to a picture of a saw, identified by the capital letter A, which is not indicated on the present illustrative exhibit A, it appearing further from the record that it was substituted for the original exhibit A at a later hearing. Consequently, the exhibit is not of much value to the court in this proceeding.

Lowther further testified that "The industry name for circular saws used in mills is mill saws."

Q. Well, do you mean that there are circular saws which are used in mill saws?—A. Used as mill saws?

Q. Used as mill saws.—A. Yes.

On cross-examination, Lowther was asked if circular saws used as mill saws are known as circular mill saws, and he replied "I believe so." He explained that in forestry different types of saw blades are used. Some have inserted teeth saws, which are called circular saws. Then there are rip saws, which cut lumber lengthwise, and crosscut saws, which are all termed mill saws.

Edwin W. Clark, called by the defendant, testified that, prior to his retirement from business, he had been employed in various capacities by the firm of E. C. Atkins & Co. of Indianapolis from December 1887 until June 1952 and, during his 65 years' experience had served as salesman and in managerial positions dealing in mill saws, pit and drag saws, circular saws, and steel band saws. He defined a circular saw as "* * * a tempered piece of steel with teeth punched in the rim of a suitable shape for the different classes of work the circular saw is to accomplish."

When asked to describe a mill saw, the witness replied—

Well, a mill saw goes back so far that it's before my time, but originally a mill saw was invented in Great Britain, I think in 1677, by an English mechanic. And it was a saw, a long saw with teeth on one side. And it operated in a frame with a forward motion and a motion to pull the saw down into the log or into the dimension stock to rip it lengthwise.

Clark identified item No. 125 on exhibit 1 as the blade above described "that was used in the original mill in Great Britain and later in France and Sweden"; that it was "a straight-type saw," which was used "To rip small logs into boards or into dimension stock. And it was also used for cutting what the English call 'deals' or 'squares' dimension stock into boards." He stated that it was known as a mill saw and that "It's no longer used."

When asked if there are mill saws in operation today, the witness replied "In some countries, more in the countries that are primitive"; that its use is obsolete in the United States.

The witness identified on exhibit 2 an illustration of an inserted tooth circular saw which was used in portable sawmills or small sawmills for cutting logs into boards. He stated further that it represented only one of the types of circular saws used in such mills. He also stated that it is not a mill saw; that a mill saw is a different type of saw.

The testimonial record affords little aid to the court in determining the real question at issue.

It seems not to be disputed by plaintiff that the imported item is in reality a circular saw. It contends, however, that since the article is used "in making portable sawmills" it should be granted the benefits of the Swedish Trade Agreement, *supra*, and classified in paragraph 340, as modified, *supra*, within the provision for "Mill saws" and subjected to duty accordingly at 12 per centum ad valorem.

Our attention has not been invited to any definitions—commercial, case, book, or statutory—of the terms "circular saws" and "mill saws." Consequently, we may assume that those terms are used with the commonly accepted meanings ascribed to those words and, moreover, also assume that the common and commercial meanings, in the absence of proof to the contrary, are the same.

While the plaintiff contends that the term "mill saw" is used to signify a saw used in a mill, it is notable that under the definition of the noun "saw" in Funk & Wagnall's New Standard Dictionary of the English Language, 1942, it is stated in part that—

*Saws are named* (1) *from their construction, shape, or mechanism*; as, * * * circular saw (a disk having a saw-teeth cut or mounted in its periphery, and mounted on an arbor, with which it is rotated, usually at a high speed) * * *. [Italics supplied.]

We learn from Webster's New International Dictionary, 1950 edition, that a circular saw is "A thin steel disk with teeth on its periphery, used by revolving it upon a spindle."

The same authority under the words "mill saw" refers to "sash saw," and the latter is defined as "A strip of steel, toothed on one edge, that is stretched in a sash or frame,—used for sawing in small water-power mills."

The foregoing definitions indicate a clear distinction between circular saws and mill saws, and the language employed by Congress in framing paragraph 340, *supra*, in the Tariff Act of 1930 leaves no doubt that it used the terms "Crosscut saws, mill saws, pit and drag saws, circular saws, steel band saws, * * * hand, back, and all other saws" with different shades of meaning. Consequently, when, in the

trade agreement with Sweden, *supra*, the negotiators saw fit to grant special benefits to "Mill saws, pit and drag saws, and steel band saws, * * *" and certain other kinds with which we are not here concerned, it must be assumed that the types of saws for which rate modifications were provided were the only ones it was intended should be lifted from the statutory provisions of paragraph 340, *supra*, and given special consideration. Had the negotiators intended that circular saws and the other saws not specifically mentioned in the trade agreement, were to receive special consideration, it would have been a simple matter to express that purpose in no uncertain terms. However, that was not done. Moreover, even if it were a fact that circular saws are in a broad sense mill saws, it is obvious that they were designed to be separately classifiable as circular saws.

Aided by the character, description, and uses of the imported commodity, and from such advisory information as may be gained from the foregoing definitions, we are of the considered opinion that the items in dispute are, in fact, circular saws within the meaning of paragraph 340 of the statutes and that they were not contemplated by the negotiators of the Swedish Trade Agreement, which reduced the rate of duty upon "Mill saws."

Upon the record before us, we find and hold that the presumption of correctness attaching to the decision of the collector of customs has not been overcome.

The protest is overruled in all respects, and judgment will issue accordingly.